UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMT TITLE SERVICES OF
TEXAS, LLC,

    Plaintiff,

v.                                 Case No.:   2:25-cv-1124-SPC-DNF

TAG AGRO, LLC; ALEX
ROYAPPA; OTIS PLUNK; and
JOHN DOES 1-10,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiff AMT Title Services of Texas, LLC's Complaint. (Doc. 1). As outlined below, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). Plaintiff seeks to bring this action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 ¶ 10). "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is

completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025). Here, the Court questions the citizenship of Plaintiff and Defendant Tag Agro, LLC.

Plaintiff and Tag Agro are limited liability companies. As such, they are citizens of every state in which one of their members are domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each of Plaintiff's members must be diverse from the Defendants for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). When dealing with a limited liability company, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

Plaintiff has not identified any of its members, much less informed the Court of the citizenship of these members. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (stating that a person's citizenship is

determined by his "domicile," or "the place of his true, fixed, and permanent *home* and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom"). It only asserts that it is a Texas limited liability company with its principal place of business and operations in Texas. (Doc. 1 ¶¶ 1–2). This information does nothing to establish Plaintiff's citizenship. *See Bander v. Aerovanti, Inc*, No. 8:23-CV-01894-MSS-AAS, 2024 WL 2833723, at *3 (M.D. Fla. June 4, 2024) ("[F]or purposes of diversity jurisdiction, the limited liability companies' states of incorporation and principal places of business are irrelevant."). Similarly, Plaintiff alleges Tag Agro is a California limited liability company (Doc. 1 ¶ 5) without identifying any of its members. Because Plaintiff has not properly established its citizenship or the citizenship of Tag Agro, the Court's jurisdiction is uncertain.

Accordingly, it is now **ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.
2. Plaintiff may file an amended complaint on or before **December 18, 2025**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 4, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3