UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMT TITLE SERVICES OF
TEXAS, LLC,

    Plaintiff,

v.                                    Case No.:   2:25-cv-1124-SPC-DNF

TAG AGRO, LLC; ALEX
ROYAPPA; OTIS PLUNK; and
JOHN DOES 1–10,

    Defendants.
                                     /

## **ORDER**

Before the Court is Plaintiff AMT Title Services of Texas, LLC's Amended Complaint. (Doc. 6). The Court previously dismissed Plaintiff's complaint because it failed to identify its members, let alone the citizenship of such members. Plaintiff is still unable to do so. As such, the Court dismisses Plaintiff's amended complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). Plaintiff seeks to bring this action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 6 ¶ 10). "In a diversity

action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Ala., LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025).

Plaintiff is a limited liability company. Thus, it is a citizen of every state in which one of its members is domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each of Plaintiff's members must be diverse from each Defendant for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224–25 (11th Cir. 2013). When dealing with a limited liability company, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

To establish its citizenship, Plaintiff alleges that it is "wholly owned" by AmTrust Financial Services, Inc. (Doc. 6 ¶ 1). But Plaintiff's "owner" is not

the same as its member. *See Bluesky Prop. Dev. & Mgmt., LLC v. Westchester Surplus Lines Ins. Co.*, No. 2:25-CV-516-SPC-NPM, 2025 WL 3012674, at *1 (M.D. Fla. Oct. 28, 2025) ("Plaintiffs' use of the term 'owner' as a synonym for 'member' is insufficient for the Court to determine whether the parties are diverse."); *Post v. Biomet, Inc.*, No. 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (explaining allegations regarding ownership "do not permit the court to conclude that plaintiff and defendants are diverse for purposes of subject matter jurisdiction, because it is membership, not ownership, that is critical for determining the citizenship of an LLC" (citation and quotations omitted)). What's more, Plaintiff never alleges the citizenship of AmTrust Financial Services. Without this information, Plaintiff's citizenship remains unknown.

Because Plaintiff is still unable to establish this Court's jurisdiction, despite multiple attempts, the Court dismisses Plaintiff's amended complaint without leave to amend. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is now

**ORDERED:**

3

1. Plaintiff's amended complaint (Doc. 6) is **DISMISSED without leave to amend.**

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 19, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4